# 9099

## HUNTER v. HUNTER.

### (84 S. E. 180.)

FRATERNAL BENEFIT ASSOCIATIONS. · DESIGNATION OF BENEFICIARY.

1. FRATERNAL BENEFIT ASSOCIATIONS—BENEFICIARIES.—Under Civil Code 1912, sec. 2752, a member insured in a fraternal benefit association may designate either his wife or mother as the beneficiary, and change such designation from time to time; the beneficiary having no vested interest prior to the death of the insured.

2. FRATERNAL BENEFIT ASSOCIATIONS—CERTIFICATES.—Where a certificate of membership in a fraternal benefit association provides that the benefit shall be paid to the "widow, legal heirs or legal representatives" of the member, the widow is not to be deemed the sole beneficiary, but as one of a class from which the beneficiary is to be selected and designated.

3. FRATERNAL BENEFIT ASSOCIATIONS—DESIGNATION OF BENEFICIARIES.— Where the by-laws and regulations of a fraternal benefit association and certificate of membership are silent as to the manner of designating, or changing, a beneficiary, such designation, or change, may be made by the insured member in his will.

Before GARY, J., Laurens, May, 1914. Affirmed.

Thomas Hunter, of Laurens county, South Carolina, died on the 23d day of March, 1913, survived by his mother, Laura Hunter, the respondent herein, his widow, Carrie Hunter, the appellant herein, and a sister, Ella Hunter, and a brother, George Hunter. At the time of his death, the said Thomas Hunter was a member in good standing in Laurens Lodge No. 30, located at Laurens, S. C., said lodge being a subordinate lodge of the Grand Lodge of Knights of Pythias of South Carolina, and held an endowment policy issued by the said Grand Lodge Knights of Pythias of South Carolina in the sum of $300.00. After the death of the said Thomas Hunter, his widow, Carrie Hunter, appel-

FOOTNOTE.—As to right of a member of a benefit society to designate a new beneficiary by will, see note in Ann. Cas. 1913b, 1286. As to acts sufficient to effectuate change of beneficiary in benefit policy, see note in Ann. Cas. 1914d, 1126.

lant herein, commenced an action in the Court of Common
Pleas for Laurens county, S. C., against the Grand Lodge
Knights of Pythias of South Carolina for the recovery of
the sum of $300.00 alleged by her to be due her by the said
grand lodge as the widow of the said Thomas Hunter and
as beneficiary under and by the terms stated in said policy,
said action having been commenced on the 30th day of
June, 1913. And Laura Hunter, the respondent above
named, commenced an action in said Court on the 12th day
of July, 1913, against the Grand Lodge Knights of Pythias
of South Carolina to recover the sum of $300.00 on said
policy, alleging that she was entitled to same under the last
will and testament of the said Thomas Hunter, deceased,
and further alleging that the said Thomas Hunter, a short
while before his death, changed the beneficiary under said
endowment policy to her under a designation and appoint-
ment in writing on said policy, and otherwise designated
Laura Hunter, his mother, as his beneficiary under said
policy of insurance, and further alleging "that the said Car-
rie Hunter, wife of Thomas Hunter, for a short period
before his death became untrue to her marriage vows and
became criminally intimate with one Sam Price and allowed
the said Sam Price to visit her privately in her husband's
home, and on the night of March 22d, 1913, the said Sam
Price, imbued with the influence of the said Carrie Hunter,
shot the said Thomas Hunter as he attempted to enter the
door of his own home, of which mortal wound the said
Thomas Hunter died on the afternoon of March 23d, 1913,
and on account of the infidelity and immoral conduct of the
said Carrie Hunter, he, the said Thomas Hunter, was unwill-
ing that she should receive any part of his property or death
benefits, or be the beneficiary under his endowment policy in
the defendant, the Grand Lodge of Knights of Pythias, and
for this reason, he changed the beneficiary under said policy
and appointed and designated his mother, Laura Hunter, as
his first and only beneficiary under said policy, and author--

ized her to collect the same at his death." The defendant
in each of said cases, Grand Lodge Knights of Pythias of
South Carolina, answered in each action, admitting its obli-
gation to pay some one, and deposited with the clerk of the
Court the sum of $300.00 for which the several plaintiffs
contended, to be paid by order of Court to whom it should
be paid, and said defendant was thereupon absolved from
further connection with the case, and an order was passed
directing the issues be passed upon by the Court, and that
in the trial the said Carrie Hunter should be regarded as
plaintiff or moving party, and the said Laura Hunter as the
defendant. The Grand Lodge of Knights of Pythias in
the action of Laura Hunter interpleaded Carrie Hunter.

The cause was heard at the April, 1914, term of the
Court of Common Pleas for Laurens county, S. C., by his
Honor, Frank B. Gary, presiding Judge, and resulted in
the following decree:

"These two cases were by agreement of counsel tried
together before me, a jury trial being waived. The defend-
ant grand lodge filed answers to both complaints admitting
its obligation to pay some one. The defendant, grand
lodge, deposited with the clerk of this Court the amount for
which the several plaintiffs contend, to be paid by order of
Court to whom it should be paid. The defendant, grand
lodge, thereupon by a consent order of the Court was
absolved from further connection with the case. The order
likewise directs that the issues be passed upon by me, and
that in the trial Carrie Hunter shall be regarded as the
plaintiff or moving party, and that Laura Hunter is regarded
as the defendant.

The evidence was presented in open Court. There were
several objections to the relevancy or admissibility of some
of it. The objections were not then passed upon, but I have
since indicated on the margin of the testimony furnished me

by the stenographer whether the objection was sustained or overruled.

Carrie Hunter, the wife of Tom Hunter, deceased, claims that she is the beneficiary by the terms of Tom Hunter's to Tom Hunter by the Grand Lodge Knights of Pythias of South Carolina, a fraternal benefit order whose membership is confined to the colored people. She claims that she should receive the money deposited with the clerk of this Court. Laura Hunter, the mother of Tom Hunter, claims that she is the beneficiary by the terms of Tom Hunter's will, and she claims that she should be paid the amount deposited with the clerk.

The question for determination is: To whom should the money be awarded?

Section 2752 of the Civil Code of South Carolina provides to whom death benefits may be paid by fraternal benefit associations as follows: "The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, ascending or descending, stepfather, stepmother, etc." Within the above restrictions, each shall have the right to designate his beneficiary, and from time to time to have the same changed in accordance with the laws, rules or regulations of the association, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member * * *."

Section 1 of the endowment laws of the Grand Lodge of Knights of Pythias of South Carolina provides for an endowment department whereby, upon proof of the death of a knight in good standing, who has complied with all the requirements of the order, there shall be paid *to his widow, heirs or legal representatives,* a certain amount.

Section 6 of the same laws provides that upon receipt of proof of the death of such knight, the grand chancellor shall, after ninety days, if not sooner paid, proceed to pay the certain amount to *the widow, heirs or legal representatives.*

Section 10 of the same laws defines "legal representatives" as designated in section 1 as intended to apply to the family or relatives of deceased members, or some one dependent on him for support, to wit, *widow, children, mother and father, sisters or brothers of the half blood.*

The policy introduced in evidence provides that the said benefit will be paid to the *widow, legal heirs or representatives of Thomas Hunter.*

If the definition of "legal representatives" should be substituted for the term "legal representatives," it would be seen that the mother has been named as beneficiary under the policy quite as definitely as has been the widow, the only difference being that the widow was first named.

According to the view which I take of the matter, the widow was not specifically named as the sole beneficiary under the policy, but was named as one of a class from which the assured might select a beneficiary, this class having been limited by the statute law, and having been further limited by the endowment law. The assured did not make this designation at the time the policy was issued, but afterward designated his mother as the beneficiary by his will.

But even if I am wrong in this conclusion, and even if it should be held that the widow was named as beneficiary under the policy, she had no vested interest until the policy became due and payable, and the assured could at any time change the beneficiary by complying with the regulations of the order. No specific regulation as to the manner of designating a beneficiary in the first instance, or of changing a beneficiary already named has been pointed out to me.

The assured has in a solemn manner, to wit, by his last will and testament, and by his declaration *in extremis,* undertaken to name his mother as sole beneficiary under the policy. In the absence of any specific regulations as to when and how one who is to receive the benefits under a

policy is to be named in the first instance, or how substituted
after one has been named, I hold that the plan pursued by
Tom Hunter was a sufficient and valid designation of his
mother as such beneficiary whether it was an original
appointment or a substitution for one previously named.

The plaintiffs rely upon the case of *Speegle* v. *Woodmen
of the World*, 77 S. C. 517, 58 S. E. 435, but the facts in
that case and the issues to be determined are so entirely dif-
ferent from the case under consideration that the case is
inapplicable as an authority. The case is authority, how-
ever, for this proposition, viz.: That until the death of the
assured—until he was no longer able to change his mind as
to who would be his beneficiary—no one could be said to
have a vested interest in the benefit.

The assured has attempted to name his mother as the
party who should receive the benefits under the policy.
Has he made a valid and effective designation? I hold that
he has.

It is, therefore, ordered, adjudged and decreed that Laura
Hunter, the mother of Thomas Hunter, is entitled to be
paid the amount deposited with the clerk of this Court to
await the judgment of the Court. It is further ordered
that the said Laura Hunter have the right to apply for and
receive such further orders as may be deemed necessary to
carry this decree into effect."

On this decree judgment was entered in favor of the
defendant, Laura Hunter, and subsequently an order was
passed directing the clerk of the Court to pay the said $300
to the defendant, Laura Hunter, or her attorney.

The plaintiff, Carrie Hunter, now appeals, and asks that
the judgment entered in said case be reversed on the follow-
ing grounds and exceptions, to wit:

1. Because his Honor, the presiding Judge, erred, it is
respectfully submitted, in admitting in evidence the will of
Thomas Hunter, deceased, the error being that the amounts

due under the endowment policy, according to the terms of the said policy and by-laws of the grand lodge issuing same, was payable to the widow of the policyholder, and said policy, or the benefit thereunder, could not be assigned to any other person.

2. Because his Honor, the presiding Judge, erred, it is respectfully submitted, in admitting in evidence the *ante mortem* statement of Thomas Hunter, deceased. The error being that the amounts due under the endowment policy, according to the terms of the said policy and by-laws of the grand lodge issuing same, was payable to the widow of the policyholder, and said policy, or the beneficiary there under, could not be assigned to any other person, and further that the defendant, Laura Hunter, did not claim the benefits of said policy under said *ante mortem* statement, but under a statement alleged to have been endorsed on the policy.

3. Because his Honor, the presiding Judge, erred, it is respectfully submitted, in sustaining the defendant's objection to the question propounded to the witness, G. B. Franklin, a member of the Knights of Pythias Lodge, as follows: "Q. Has it not been the custom of your lodge to pay the widow if living?" it being respectfully submitted that if the policy or by-laws were ambiguous, that oral testimony as to the construction placed upon same by the lodge would be competent.

4. Because his Honor, the presiding Judge, erred, it is respectfully submitted, in sustaining the objection of the defendant to question propounded to the witness, James Floyd, an officer of the lodge in which Thomas Hunter, deceased, was a member, as follows: "Q. Did you have the power to change the beneficiary in this policy or allow it to be changed?" the error being that in the event the policy or by-laws of the lodge were ambiguous, oral testimony as to the construction thereof placed upon it by the lodge would be competent.

5. Because his Honor, the presiding Judge, erred, it is respectfully submitted, in holding that the said Thomas Hunter, deceased, could designate a beneficiary under said policy and in holding that the plan pursued by Thomas Hunter was a sufficient and valid designation of his mother, Laura Hunter, as such beneficiary, the error being that the policy and by-laws of the said lodge prescribed the persons who were to take the benefits under said policy and the order in which they shall take.

6. Because his Honor, the presiding Judge, erred, it is respectfully submitted, in not holding and finding that the plaintiff, Carrie Hunter, as widow of Thomas Hunter, deceased, is entitled to be paid the amount deposited by the insurance company in the hands of the clerk of Court of Common Pleas for Laurens county, S. C., it appearing that she was the widow of the said Thomas Hunter and as such was entitled under said policy, and under the by-laws of the grand lodge issuing same, to be paid the amount of such endowment in preference to any other person, and the presiding Judge was in error in not so holding.

*Messrs. Simpson, Cooper & Babb,* for appellant.

*Mr. F. P. McGowan,* for respondent, cites: *As to designation of beneficiary:* Civil Code, sec. 2752. *Change of:* 28 Cyc. 123; 29 Cyc. 106-156. *Society waives irregularity in appointment of beneficiary by paying fund into Court:* 29 Cyc. 106. *Findings of fact not reviewable in Supreme Court:* 55 S. C. 568.

May 7, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The decision of the Circuit Court is affirmed for the reasons therein stated.